THE STATE, EX REL. WILLIAMS ET AL., *v.* FERRIS, MAYOR.
(Two cases.)

(Nos. 8210 and 8211—Decided October 29, 1956.)

*Mr. Nicholas Bauer,* for relators.
*Mr. Frank Ferris,* for respondent.

HILDEBRANT, J. These are companion actions in procedendo and prohibition invoking the original jurisdiction of this court.

The relators, six in number, were all employees of the same employer and were all cited into the court of the respondent, mayor of the village of Blue Ash, for violating Section 5577.04, Revised Code, in that they were each driving overweight trucks upon the public highways. In each case the excess weight charged was sufficient, if proven, to permit imprisonment for 30 days as a part of the penalty, so that by the Constitution all were entitled to a trial by jury, and the mayor's court was without final jurisdiction in such a misdemeanor case.

Section 1905.10, Revised Code, provides in part:

"The mayor of a village has final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is entitled by the Constitution to a trial by jury. * * *"

Section 1905.11, Revised Code, provides:

"The mayor of a village has jurisdiction to hear and determine cases as provided in Sections 1905.09 and 1905.10 of the Revised Code, if before the commencement of the trial, a waiver in writing, subscribed by the accused, is filed in the case."

Section 1905.14, Revised Code, provides:

"If the charge against an accused is the commission of a misdemeanor, prosecuted in the name of the state, the mayor of a village may summon a jury and try the case even though the accused has not waived his right to a jury trial, if a request for such trial, subscribed by the accused, is filed in the case before the commencement of the trial. In such case the trial shall be had on the affidavit in the same manner and with the same effect as a trial is had on indictment for such offense in the Court of Common Pleas."

Section 1905.15, Revised Code, permits the mayor to decline the written request for jury trial, provided for in Section 1905.14, Revised Code, and proceed solely as a magistrate.

Pursuant to the above-quoted statutes, the applicable law here is as stated in 2 Opinions of the Attorney General, 1547 (1939), No. 1076:

"A mayor of a village has final jurisdiction coextensive with the county of offenses under the motor vehicle laws of the state amounting to misdemeanors where (a) the accused is not entitled to trial by jury by the Constitution, (b) the accused being entitled to trial by jury subscribes to a waiver thereof in writing which is filed in the case before commencement of the trial, or (c) the accused being entitled to trial by jury by the Constitution, subscribes to a request for a trial by jury before the mayor which is filed in the case before commencement of the trial."

The evidence discloses that relators were represented by counsel and all appeared in the mayor's court on the day set for trial, entered pleas of not guilty, and by stipulation, agreed to consolidate all their cases in the one trial. The state's witnesses were sworn, interrogated, and cross-examined, and the state rested. The defendants offered no evidence and rested. The following is quoted from the record:

"The Court: Is there any other testimony?

"Mr. Bauer: I have no other testimony. Has the state rested?

"The Court: Nothing more you want?

"Sgt. Raquet: No.

"Mr. Bauer: If your honor please, we will rest. We will move for a dismissal of all six defendants.

"The Court: Will you tell the court the grounds on which you think

"Mr. Bauer: I am making the motion purely on the ground that the state—this being a state citation—has failed to establish the guilt of these men by the degree of proof required to find them guilty, and that is beyond a reasonable doubt. I say the state has failed to show that.

"The Court: Not on some technical grounds; it is purely on the ground of failure

"Mr. Bauer: I am putting it on all legal grounds. I am moving to dismiss all six defendants on the ground that the state has failed to prove these men guilty, as charged, by the degree of proof or by the evidence that has been submitted, because I think some evidence has been improper, and I think that we are entitled to a dismissal in this case.

"The Court: There are two or three items I would like to do some checking on and with that in mind, the case is over.

"Mr. Bauer: Very well. You will render an opinion later, is that correct?

"The Court: That is right."

The writ of *procedendo ad judicium* is the remedy whereby a court of superior jurisdiction may issue a writ or order of procedendo to a court of inferior jurisdiction to proceed to judgment in a case pending before it. In its exercise of the original jurisdiction in procedendo confided to this court by the Constitution, this court does not attempt to control the inferior court as to what its judgment should be. It only orders it to proceed to a judgment.

It is clear from the record before this court that relators stand charged with the commission of a misdemeanor, prosecuted in the name of the state, wherein they have a constitutional right of trial by jury; that no written waiver, filed before the commencement of trial was filed in the cause, and that no written request for a jury trial subscribed by the accused herein was filed in the cause before the commencement of the trial. That being the state of the record, the respondent mayor is without final jurisdiction in the cases, and may function solely as a magistrate, who, having inquired into the complaint, is limited to discharging the accused, or recognizing them to the proper court, with appropriate conditions as to bail.

The writ of procedendo will issue in conformity with this opinion.

The conclusion reached by this court in the procedendo action, No. 8210, requires that in companion case No. 8211 in prohibition, the writ should be granted. It is so ordered.

*Writs allowed.*

Ross, P. J., and MATTHEWS, J., concur.